### HEARD v. HEARD.

(Court of Civil Appeals of Texas. Texarkana. May 8, 1913.)

DEEDS (§ 211*)—VALIDITY—MISREPRESENTATIONS BY GRANTEE—EVIDENCE.

Evidence of defendant, in an action by a father to cancel a deed gift to his son because of misrepresentations as to the amount of land conveyed, *held* to sustain the finding that there were no misrepresentations, even conceding that the burden was on the son to produce a preponderance of the evidence.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 637–647; Dec. Dig. § 211.*]

Appeal from District Court, Morris County; P. A. Turner, Judge.

Action by Joe A. Heard against C. D. Heard. Judgment for defendant, and plaintiff appeals. Affirmed.

Henderson & Bolin, of Daingerfield, and Mahaffey, Thomas & Hughes, of Texarkana, for appellant. Smelser & Vaughan, of Texarkana, for appellee.

HODGES, J. Appellant is the father of the appellee, and instituted this suit for the purpose of canceling a deed which some years before he had executed and delivered to his son, conveying 36 acres of land. The petition alleges that the appellant was old and infirm and unable to attend to his business affairs; that the appellee represented to him that he wanted a deed of gift to 10 acres of land lying off the west side of a larger tract then owned by the appellant; that he instructed his son to prepare the deed and he would sign it; that afterwards the appellee came to him with the deed, stating that it was for 8 or 10 acres of land off the west side of the tract referred to; that as a matter of fact the deed conveyed 36 acres of land, much more than was understood between the parties that it should contain; that the appellant, relying upon the statement of his son, signed the deed and subsequently acknowledged it before a notary public; that some years afterwards he discovered the fraud and demanded a reconveyance of the property, and this was refused. The case was tried before the court without a jury and resulted in a judgment in favor of the defendant below.

There is but one assignment of error presented, and that is based upon the contention that the evidence is insufficient to support the judgment rendered. The appellant testified that in 1906 his son, the appellee, approached him for the purpose of buying 8 or 10 acres of land in a tract owned by him in Morris county near the town of Naples; that he told his son that he would not sell him any land but would give him that amount, and instructed him to have the land surveyed and a deed prepared for that purpose. Subsequently a surveyor was procured, and the appellant, the appellee, and his two brothers, accompanied by the surveyor, repaired to the tract of land and made the survey from which the field notes were prepared. One of the brothers carried the chain. The appellant testifies that, while he was on the ground and saw them surveying, he did not personally known how far they ran in any of the directions; that he paid no attention to the quantity of land they were surveying. He further testified that when he executed the deed he thought it contained a description of not more than 8 or 10 acres. He admitted that when the appellee presented the deed for signature, which seems to have been prepared some years after the survey, the latter did not tell him anything about how many acres it contained, but merely stated that it was for that little piece of ground he had agreed to give him. Appellant discovered some years afterwards that the deed conveyed 36 acres, and then made a demand for its reconveyance. The appellee testified that in 1904, two years prior to the date fixed by his father, he approached the latter for the purpose of buying some land out of the tract referred to; that he did not tell his father how many acres he wanted, but simply stated that he wanted a small piece of land off of the west side of the larger tract; that his father told him he would not

---

sell him the land, but would give it to him; that nothing was said about the quantity of land to be conveyed; that afterwards he had the land surveyed, when his father and two brothers were present; the surveyor ran two sides of the tract, and the field notes were prepared in accordance therewith; that his mother was living at the time, and he was living with his father and mother; that some time afterwards both his father and mother signed the deed, but his mother died before the deed was acknowledged; that his father subsequently acknowledged the deed and returned it to him; that he made no representation to his father at any time as to the quantity of land contained in the deed.

If the appellee's testimony be true, there was no fraud perpetrated upon the appellant in procuring his signature to the deed. There is nothing in the evidence to show that appellant was incapable of reading the deed and understanding its contents, or that the appellee imposed upon him in any way to prevent his examining the deed. Presumably he had full opportunity to do so. At the time the appellee says the deed was executed the mother was living; and, according to the father's admissions, his son was not at that time in the general management of his business. The testimony of the appellee further shows that soon after the land was surveyed he put improvements upon it which aggregated in value $600. There is a dispute between him and his father as to the correctness of this valuation, but the court had a right to accept as true the testimony of the appellee. We may concede the correctness of appellant's proposition that by reason of the confidential relations subsisting between the appellant and the appellee the latter had the burden of showing by a preponderance of the evidence that the transaction was free from fraud. Still we cannot say as a matter of law that this burden has not been discharged. The court had a right to pass upon the credibility of the witnesses and to determine the weight that should be given their testimony. We cannot say that his conclusions of law are without support.

The judgment is affirmed.